UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:03-CR-200 |
| | § | |
| MICHAEL L HEROD | § | |

REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed December 27, 2006, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

I. The Original Conviction and Sentence

Defendant was sentenced on January 5, 2005, before The Honorable U.S. District Judge Marcia A. Crone of the Eastern District of Texas after being found guilty of the offense of Health Care Fraud (Counts 1-12), a Class C felony, and Mail Fraud (Counts 13-18), a Class D felony. This offense carried a statutory maximum

imprisonment term of 10 years for Counts 1-12, and 5 years for Counts 13-18. The guideline imprisonment range, based on a total offense level of 16 and a criminal history category of I, was 21 to 27 months. Defendant was subsequently sentenced to 21 months in prison followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include payment of restitution in the amount of $207,221; $1,800 in special assessments; payment of any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release; provide access to any requested financial information; no new credit charges; no gambling in any form; notify any prospective employer of the circumstances of the case, if a position of financial responsibility is held; reside in a community confinement center, halfway house, or similar facility, in a prerelease component for a period of 120 days to commence upon release, and shall observe the rules of that facility; and participate in a program of testing and treatment for drug abuse.

## II. The Period of Supervision

On May 9, 2006, Michael L. Herod completed his period of imprisonment and began service of the supervision term.

### III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on December 27, 2006. The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Standard Condition: | Defendant shall not leave the judicial district without permission of the Court or probation officer. |
| Standard Condition: | Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. |
| Standard Condition: | Defendant shall notify the probation officer ten days prior to any change of residence or employment. |
| Special Condition: | Defendant shall reside in a community confinement center, halfway house, or similar facility, in a prerelease component for a period of 120 days to commence upon release from confinement, and shall observe the rules of the facility. |

As grounds, the petition alleges that on at least two occasions defendant sent correspondence to a known felon, indicating that he is living in Grand Junction, Colorado. The petition further alleges that defendant failed to submit a truthful and complete written report within the first five days of July, August, September, October, and November 2006. The petition also alleges that a notice was mailed to defendant's residence in September of 2006 regarding his failure to submit a written montly report. It was returned to the U.S. Probation Office in October with a hand

written note on the outside of the envelope marked "Return to Sender, Attempted - Not Known, Unable to Forward." Finally the petition alleges that on June 26, 2006, the halfway house staff became aware that defendant had gone outside to smoke. A staff member when outside and noted that both defendant and his vehicle were gone. Defendant did not have permission to leave the halfway house until 7:00 a.m. that morning. Defendant was terminated from the facility on June 28, 2006, for failure to follow facility rules.

## IV.  Proceedings

On May 31, 2007, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would agree to plead "true" to the allegation that he violated a standard condition of supervised release by failing to file truthful and complete monthly written reports. In exchange for defendant's plea of "true," the court should revoke defendant's supervised release and impose eight (8) months imprisonment, with no further term of supervised release thereafter. Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a standard condition of supervised release by failing to file truthful and complete monthly written reports.

## V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offenses of conviction were Class C and D felonies; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a standard condition of supervised release by failing to file truthful and complete monthly written reports, defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.  U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of

supervised release based on a Grade C violation and a criminal history category of I, the guideline imprisonment range is 3 to 9 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to the allegation that he violated a standard condition of supervised release by failing to file truthful and complete monthly written reports. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition. Defendant's violations are Grade C violations with policy guidelines suggesting 3 to 9 months imprisonment upon revocation.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to file truthful and complete monthly written reports. As such, incarceration appropriately addresses defendant's violation.

### RECOMMENDATIONS

1. The court should find that defendant violated a standard condition of supervised release by failing to file truthful and complete monthly written reports, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of eight (8) months, with no further term of supervised release thereafter.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __11__ day of June, 2007.

_____
Earl S. Hines
United States Magistrate Judge